MAX PSATY, Plaintiff, *v.* FIFTH AVENUE AND NINETY-THIRD STREET CORPORATION and Another, Defendants.

Supreme Court, New York County, June 6, 1928.

**Malicious prosecution — action based on prosecution of civil action — Statute of Limitations not defense — defense that prior action was settled by compromise is good.**

The plaintiff sues to recover damages for alleged malicious prosecution of a civil action previously commenced by the defendants. An allegation in the complaint referring to the order of arrest obtained in that litigation was necessary as an element of a cause of action for malicious prosecution of a civil action. Vacating the order of arrest may have given plaintiff immediate right to start an action for false imprisonment or for malicious arrest, but he cannot commence an action for malicious prosecution until the determination of the prior action.

Since it is conceded that this action was commenced within two years after the entry of judgment in the former action, the defense of the Statute of Limitations is not good.

However, the second defense is sufficient, since it alleges that the action commenced by these defendants was not prosecuted by them, because the present plaintiff agreed to a compromise, which included a release on his part of all claims by him against them.

MOTION by plaintiff for an order, pursuant to rule 109 of the Rules of Civil Practice, striking out from defendants' answers the first and second separate and distinct defenses as insufficient in law.

*Samuel Hellinger* [*E. Lloyd Meyer* of counsel], for the plaintiff.

*Gallert, Hilborn & Raphael,* for the defendants.

FRANKENTHALER, J. It is evident that the complaint states a cause of action for the alleged malicious prosecution of the civil action previously commenced by these defendants against the plaintiff. It is equally apparent that the reference to the order of arrest obtained in that litigation was due to the fact that such an allegation is, in this State, a necessary element of a cause of action for the malicious prosecution of a civil action. (*Sachs* v. *Weinstein,* 208 App. Div. 360, 365.) The plaintiff's right to sue pursuant to the remedy he has chosen to invoke did not accrue until the termination of the action brought by these defendants against him. Until that time it was impossible to ascertain whether the outcome would be favorable or unfavorable to the plaintiff herein. The vacatur of the order of arrest may have given plaintiff the immediate right to start an action for false imprisonment or for malicious arrest, but plaintiff has elected to pursue an entirely distinct remedy in which his recovery may include the expense incurred in defending the prior action. Indeed, plaintiff's right to bring this action is not based upon the vacating of the order of

arrest, but rather upon the fact that the action in which it was granted terminated in plaintiff's favor. As it is conceded that the present action was commenced within two years after the entry of judgment in the former litigation, the motion to strike out the defense of the Statute of Limitations is granted. The second defense is, however, sufficient since it alleges, in effect, that the action commenced by these defendants was not prosecuted by them because the present plaintiff agreed to a compromise, which included a release on his part of all claims by him against them. In other words, the gist of the defense is that the termination of the action was not on the merits, but " by agreement or settlement of the parties." (*Halberstadt* v. *New York Life Ins. Co.*, 194 N. Y. 1.) The motion to strike out the second defense is denied. Order signed.