Saul S. Streit, J.
This is a motion for summary judgment and an assessment of damages and to strike out various portions of the answer as sham, insufficient, and frivolous, unnecessary and scandalous.
*615 Under the provisions of the contract upon which this action is based, the payment to plaintiff by defendant and others was to be made ‘ ‘ against good delivery of * * * 32,097 shares ’ ’ of Bethlehem Foundry stock on or before November 29, 1957. It is clear (1) that tender of the Bethlehem shares was purported to be waived by Lehigh Bethlehem Corporation (a company of which defendant Jessica Bailey and the “ others ” above referred to, Avere stockholders) and by Jennis M. Doroshaw, its president, individually, and (2) that tender of the Bethlehem shares Avas nevertheless made on November 29, 1957, to said Jennis M. Doroshaw.
Plaintiff claims that Jennis M. DoroshaAV was the duly authorized agent of defendant, Jessica Bailey, and of the other stockholders of Lehigh Bethlehem Corporation and that his Avaiver of tender as well as the tender to him were binding upon Jessica Bailey. The latter, however, denies that Doroshaw was authorized by her to waive tender of the shares of Bethlehem Foundry or that she authorized plaintiff to tender those shares to Doroshaw. Neither Doroshaw, himself, nor Lehigh Bethlehem Corporation are parties to the contract sued upon Avhieh is between plaintiff and some of the Lehigh Bethlehem stockholders. It is true that the contract provides that the delivery of the Bethlehem shares and the payment therefor are to occur ‘ ‘ upon our demand or the demand of Lehigh Bethlehem Corporation on five days notice to you but * * * not later than November 29, 1957”. This language, however, only authorizes Lehigh Bethlehem Corporation to demand a closing date earlier than November 29, 1957. It does not make either Lehigh Bethlehem Corporation or Doroshaw the agent of the signatory stockholders either to accept a tender of the Bethlehem Foundry shares or to waive the necessity for such a tender. Triable issues are presented as to whether the waiver of tender Avas binding upon Jessica Bailey and as to whether the tender to Doroshaw Avas, in legal effect, a tender to Jessica Bailey.
Triable issues are also presented as to (1) Avhether Jessica. Bailey was acting only in her own behalf or on behalf of her husband, Herbert Bailey and (2) Avhether Herbert Bailey authorized the waiver of tender or the making of a tender to Doroshaw.
It follows that insofar as summary judgment is applied for the motion must be denied.
To the extent that the movant seeks to strike out denials contained in the answer, the motion is denied for the reasons indicated above.
*616 Insofar as the application is one to strike out the affirmative defenses as sham and also as insufficient in law, it must be granted. It is clear that, except for the issues raised by the denials as to tender and waiver of tender, no defense to this action has been established by the answer or by affidavit.
That portion of the motion which seeks to strike out various paragraphs of the answer is denied as academic in view of the fact that those paragraphs are contained in the defenses which are being stricken as sham and as insufficient.
To the extent that plaintiff seeks to strike the first counterclaim, pleaded by Jessica Bailey, the motion is granted. Neither the allegations of the answer nor the evidence submitted in support thereof justify, even prima facie, a conclusion that the contract of rescission, upon which this suit is predicated, was void or voidable. It follows that the counterclaim which seeks recovery of Superior Tool stock which Jessica Bailey was to receive under a prior contract, which was rescinded by the contract sued upon, is without merit, both as a pleading and also from a factual standpoint, and must therefore be stricken from the answer. That branch of the motion which seeks to strike certain allegations of the counterclaim as frivolous, etc., is, accordingly, denied as academic.
Insofar as the second counterclaim and the cross complaint may be regarded as attempting to allege a cause of action for malicious prosecution, notwithstanding the fact that the attach-subsequently vacated, the counterclaim is insufficient since it does not allege that the action in which the attachment was issued finally terminated in favor of defendants. Such an allegation is necessary to make out a good cause of action for malicious prosecution, notwithstanding the fact that the attachment had been vacated (Psaty v. Fifth Ave. & 93rd St. Corp., 132 Misc. 278, affd. 226 App. Div. 733). Counsel for defendants seeks to uphold the second counterclaim and the cross complaint as alleging a good cause of action in the nature of trespass, based upon the wrongful attachment of defendants’ property. It is well settled, however, that there was no common-law liability to a defendant in an action where a provisional remedy, obtained by the plaintiff, is later vacated. The only redress of the defendant, in such a case, is an action on the plaintiff’s undertaking which “ is still the source and measure of liability ” (City of Yonkers v. Federal Sugar Refining Co., 221 N. Y. 206, 209; see, also, Bedell Co. v. Harris, 228 App. Div. 529, 532-534) or an action for malicious prosecution. Cases, such as those relied upon by defendants, where a levy is a conversion or trespass because made in a wrongful manner or upon property *617 of third parties, are inapplicable here. The levy here did not become a conversion or trespass merely because the attachment, issued by the court, was subsequently vacated.
The motion to strike out is granted as to the four defenses, the two counterclaims, and the cross complaint, and otherwise denied.