James D. Hopkins, J.
The plaintiff moves for summary judgment as against the defendant Cunningham, Nielsen & Molloy, Inc., in an action based on a promissory note executed and *373 delivered by the defendant to the plaintiff in the sum of $5,242.06, payable on demand. In turn, the defendant has cross-moved for summary judgment upon the counterclaim contained in its answer.
It appears from the affidavits submitted on the motions that prior to the making and delivery of the note the defendant had contracted for the issuance of certain insurance policies from the plaintiff, and that the defendant was indebted to the plaintiff in the sum of $5,242.06 for unpaid premiums on an open account. The affidavit of the defendant’s president admits the making and delivery of the note, but asserts that it was given without consideration and without benefit to the defendant. That defense alone would not bar recovery, for the execution and acceptance of a promissory note raises a presumption that it satisfied all obligations existing between the parties at the date of the note (Matter of Callister, 153 N. Y. 294, 308; Matter of Seigle, 289 N. Y. 300, 303) and past consideration is sufficient to support a promissory note (Negotiable Instruments Law, § 51; American Surety Co. v. Palmer, 240 N. Y. 63, 66). The affidavit of the defendant’s president, however, goes further and states that the vice-president of the plaintiff assured him that the note was an accommodation and would not be presented for payment. Thus, there is created a triable issue whether the note was given and received as full payment for the underlying debt, which would thereby rebut the presumption of satisfaction and discharge. There is also created a triable issue whether the note was subject to a condition precedent which would destroy its validity (cf. Higgins v. Ridgway, 153 N. Y. 130; Bernstein v. Kritzer, 253 N. Y. 410). The court on a motion for summary judgment may not decide that the facts submitted in opposition are necessarily true, but only that issues exist which require a trial (Wohl v. Miller, 5 A D 2d 126, 133; Wilson v. Wilson, 3 A D 2d 891). Plaintiff’s motion for summary judgment must therefore be denied.
There remains to be considered the defendant’s motion for summary judgment on its counterclaim. The defendant alleges that the plaintiff in this action obtained a warrant of attachment from this court by virtue of which the Sheriff attached a bank account of the defendant; that thereafter on application of the defendant the warrant was vacated by order of the court; and that by the acts of the plaintiff in obtaining and executing the warrant, the defendant’s business was injured, its financial security was jeopardized, and its checks issued and outstanding were not honored, as a result of which the defendant seeks damages.
*374 Summary judgment may not be granted if the counterclaim does not state a cause of action (Progressive Credit Union v. Mount Vernon Wiping Cloth Corp., 5 A D 2d 166; Bell v. Salkind, 198 Misc. 613). An action for trespass founded on a warrant of attachment later vacated does not lie where the court had jurisdiction of the subject matter and of the parties (Day v. Bach, 87 N. Y. 56; Fischer v. Langbein, 103 N. Y. 84; Hess v. Hess, 117 N. Y. 306; Bornstein v. Levine, 7 A D 843); a party is not liable for an error of law, and here there is no allegation that the warrant was void for want of jurisdiction, or that it was irregularly issued (cf. Solomon v. Baar, 168 Misc. 439, affd. 255 App. Div. 849). Nor do the allegations of the counterclaim constitute an action for malicious prosecution, for there is absent any assertion that the action in which the warrant was issued has terminated in the defendant’s favor (Levy’s Store v. Endicott-Johnson Corp., 272 N. Y. 155, 162; Superior Tool & Die Co. v. Bailey, 17 Misc 2d 614). Regarded as an action for abuse of process, the counterclaim is deficient, since it does not appear that the warrant was used after issuance for a purpose other than for which it was intended (Hauser v. Bartow, 273 N. Y. 370, 374). It follows that the defendant’s motion for summary judgment must be denied. Submit order on notice.