■ JAYNE PRINCE, Appellant, v JEANNE STOYE et al., Respondents. — In an action to recover damages for malicious prosecution and abuse of process, the plaintiff appeals from an order of the Supreme Court, Queens County (Rodell, J.), dated February 25, 1981, which, upon defendant Kalmanash's motion, dismissed the complaint as to all the defendants. Order reversed, with $50 costs and disbursements, and motion granted to the extent that the cause of action for abuse of process is dismissed as to all the defendants but is denied as to the cause of action for malicious prosecution. Defendants Stoye and Ayres retained defendant Kalmanash to represent them in a prior action against the plaintiff herein, Jayne Prince, and others, which prior action was subsequently dismissed as against Prince, by order dated December 3, 1979. In the prior action, by order to show cause dated May 2, 1979, the plaintiffs had requested an order of attachment and a restraining order, pursuant to CPLR article 62, against Prince and others. This order to show cause contained a temporary restraining order which was continued until the order of attachment and restraining order were denied and vacated on June 29, 1979. The denial and vacatur were subsequently appealed on July 2, 1979 and an order was obtained from this court continuing the attachment, pending determination of the appeal. Subsequently, by order dated November 20, 1979, this court dismissed the pending appeal and vacated the attachment. The within action to recover damages for malicious prosecution and abuse of process thereafter ensued. Before issue was joined by defendant Kalmanash, an attorney, he moved *pro se,* by notice of motion dated November 25, 1980, "for an order pursuant to 3210 CPLR et seq.; dismissing the complaint and granting judgment in favor of the defendant Samuel Kalmanash against the plaintiff Jayne Prince." Issue in this action was joined by the defendants, Stoye and Ayres, on August 27, 1980. By affidavit of counsel sworn to December 8, 1980, these defendants requested judgment dismissing the complaint in favor of all the defendants. After noting that the motion made by defendant Kalmanash was made pursuant to CPLR 3211, plaintiff submitted opposition to the motion on the merits. By decision dated February 5, 1981, which culminated in an order dated February 25,

1981, Special Term determined that the complaint failed to meet certain criteria with respect to the torts of malicious prosecution and abuse of process as to any of the defendants, and dismissed the complaint in its entirety. At the outset, Special Term determined that the papers submitted demonstrated that two essential elements to support a cause of action for malicious prosecution, namely lack of probable cause and actual malice, were not shown (see *Martin v City of Albany*, 42 NY2d 13, 17). The court determined that there existed probable cause to commence the prior action against Jayne Prince and that certain comments made by defendant Kalmanash in the prior action did not establish or demonstrate actual malice with respect to Prince. Special Term also determined that the defendants herein properly used the process of attachment in that they did not use such process for a purpose "to do harm without that which has been traditionally described as economic or social excuse or justification" (*Board of Educ. v Farmingdale Classroom Teachers Assn.*, 38 NY2d 397, 403), which is an essential element in pleading and proving an action for abuse of process. Based upon our review of the record and the documentation submitted, the essential elements with respect to the question of probable cause and actual malice as to the cause of action for malicious prosecution cannot be determined as a matter of law, since there are demonstrated factual issues for consideration by a jury in this action. Accordingly, the cause of action for malicious prosecution must be reinstated. We agree, however, with Special Term that the plaintiff in this action failed to demonstrate that the defendants used the process of attachment for the purpose of doing harm, and accordingly, the second cause of action for abuse of process was properly dismissed. O'Connor, Bracken and Rubin, JJ., concur; Weinstein, J. P., dissents and votes to affirm the order.