338 S.E.2d 202

**WAYNE COUNTY BANK, a Corporation of Wayne, West Virginia**

v.

**Gary L. HODGES, d/b/a Hodges Used Cars, Albert Lee Hodges and Anna L. Hodges.**

**No. 16363.**

Supreme Court of Appeals of West Virginia.

Dec. 12, 1985.

**724**

Gary L. Hodges, Anna L. Hodges, pro se.

Michael J. Farrell, Huntington, W.Va., Stephen Lewis, Wayne, W.Va., Barry M. Taylor, Jenkins, Fenstermaker, Krieger, Kayes & Farrell, Huntington, W.Va., for appellees.

McHUGH, Justice.

This appeal is before this Court upon the petition of Gary L. Hodges, *et al.*, from the final order of the Circuit Court of Wayne County, West Virginia. Pursuant to that order, summary judgment was entered in favor of the appellee, Wayne County Bank. This action concerns certain promissory notes signed by appellant Gary L. Hodges in 1980. By order, this Court granted the appellants' motion for leave to move to reverse. *W.Va. Code*, 58–5–25 [1931]. This Court has before it the petition for appeal, all matters of record and the briefs filed by the parties.

**I**

The appellants are residents of Wayne County. Albert and Anna Hodges are the parents of Gary Hodges. During the period in question, Gary Hodges was engaged in the business of selling used automobiles. The appellee, Wayne County Bank, is engaged in business in Wayne County.

Pursuant to a loan agreement, Gary Hodges, on May 13, 1980, signed a note in the amount of $29,500 at 14% interest payable to the Wayne County Bank. The note was signed "Gary L. Hodges DBA Hodges U/C." The back of the note was signed by appellants Albert and Anna Hodges. No payment of either principal or interest was ever made by the appellants upon that note. *See* n. 1, *infra*.

Later, on September 9, 1980, Gary Hodges signed a note in the amount of $28,500 at 11% interest payable to the Wayne County Bank. The note was signed "Gary L. Hodges DBA Hodges Used Cars." The back of the note was signed by appellants Albert and Anna Hodges. The record indicates that the September, 1980 note was a "renewal" of and substitution for the May, 1980 note.[1] However, no payment of either principal or interest was ever made by the appellants upon the September, 1980 note.

In January 1981, the Wayne County Bank instituted an action in the Circuit Court of Wayne County alleging that Gary Hodges, as maker, and Albert and Anna Hodges, as co-signers or endorsers, had defaulted upon the May, 1980 note. The Wayne County Bank thus asserted that the appellants owed the bank $29,500 at 14% interest.

The appellants filed an answer and counterclaim. The answer and counterclaim alleged, *inter alia*, that the bank, in seeking satisfaction of the indebtedness of the ap-

---

**1.** It should be noted that the appellants assert that the September 1980 note renewed and superseded the May 1980 note. The Wayne County Bank, however, asserts that certain transactions surrounding the execution of the September 1980 note were never completed and that, therefore, the May 1980 note remained in effect. In particular, the bank asserts that in the course of obtaining the September 1980 note appellant Gary Hodges tendered to the bank a check in payment of a portion of the May 1980 note. That check however, was drawn upon insufficient funds. Thus, the bank asserts that it never "processed" the September 1980 note and that the May 1980 note remained in effect. In any event, as discussed in this opinion, the circuit court determined that the appellants owed the Wayne County Bank at least $28,500—an amount represented by the September 1980 note.

pellants, had committed the torts of abuse of process and outrageous conduct. The appellants also asserted that the bank was guilty of usury. The appellants alleged in the counterclaim that they were entitled to consequential and punitive damages.

The circuit court conducted an evidentiary hearing in this action. Upon the basis of that hearing and upon the affidavits and depositions filed in this action, and other matters of record, the circuit court determined the material facts to be "non-controverted." The circuit court found, *inter alia,* as follows:

1. Gary L. Hodges, d/b/a Hodges Used Cars, borrowed and received the sum of at least Twenty-Eight Thousand, Five Hundred Dollars ($28,500.00) from the Wayne County Bank on May 13, 1980, at an interest rate of at least eleven percent (11%).

2. Albert Lee Hodges and Anna L. Hodges endorsed the note for the loan by the Bank to Gary L. Hodges, d/b/a Hodges Used Cars, with the intent of guaranteeing payment to the Bank if Gary L. Hodges, d/b/a Hodges Used Cars, refused to repay the loan upon demand.

3. Each of the defendants knew that the loan was made for a business purpose.

Consequently, as reflected in its final order, the circuit court ruled that the appellants were indebted to the Wayne County Bank and entered summary judgment for the bank for the "lesser loan principal sum of Twenty Eight Thousand, Five Hundred Dollars ($28,500.00), at the lesser interest rate of eleven percent (11%) per annum...." That ruling has not been contested by the bank.

Furthermore, the circuit court entered summary judgment for the bank upon the appellants' counterclaim. The circuit court indicated that the appellants had failed to raise any factual issue with regard to the allegations of abuse of process and outrageous conduct. Moreover, the circuit

court ruled that, inasmuch as the loan in question from the bank was for a business purpose (i.e., Gary L. Hodges' business of selling used automobiles), the appellants' assertion of usury was without merit. *W. Va. Code,* 47–6–11 [1979].

## II

It is without question that the Circuit Court of Wayne County properly entered summary judgment for the Wayne County Bank in the amount of $28,500 at 11% interest. That judgment reflected the unpaid note dated September 9, 1980, signed by the appellants. The liability of the appellants in that regard is well established. *See W. Va. Code,* 46–3–413 [1963]; *W. Va. Code,* 46–3–414 [1963]. The issue before this Court is, therefore, whether the circuit court committed reversible error in entering summary judgment for the bank upon the appellants' counterclaim. For the reasons stated below, we hold that the circuit court ruled correctly.

Rule 56 of the West Virginia Rules of Civil Procedure provides that a summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." However, having stated in previous cases that summary judgment is no substitute for a trial,[2] this Court, in *Masinter v. Webco Co.,* 164 W.Va. 241, 242, 262 S.E.2d 433, 435 (1980), recognized that "we have viewed summary judgment with suspicion and have evolved the rule that, on appeal, the facts must be construed in a light most favorable to the losing party." In syllabus point 3 of *Thomas v. Goodwin,* 164 W.Va. 770, 266 S.E.2d 792 (1980), we held that "[o]n a motion for summary judgment the court cannot summarily try factual issues and may consider only facts which are not disputed or the dispute of which raises no substantial factual issues."

2. Syl. pt. 1, *Employers' Liability Assurance Corp. v. Hartford Accident and Indemnity Co.,* 151 W.Va. 1062, 158 S.E.2d 212 (1967); syl. pt. 7, *Aetna Casualty & Surety Co. v. Federal Insurance Co.,* 148 W.Va. 160, 133 S.E.2d 770 (1963).

Nevertheless, summary judgment is warranted in certain cases. As we held in syllabus point 5 of *Wilkinson v. Searls,* 155 W.Va. 475, 184 S.E.2d 735 (1971):

A motion for a summary judgment should be granted if the pleadings, exhibits and discovery depositions upon which the motion is submitted for decision disclose that the case involves no genuine issue as to any material fact and that the party who made the motion is entitled to a judgment as a matter of law.

*See also* syl. pt. 2, *Grady v. City of St. Albans,* 171 W.Va. 18, 297 S.E.2d 424, 426–27 (1982); syl. pt. 2, *Parsley v. General Motors Acceptance Corp.,* 167 W.Va. 866, 280 S.E.2d 703, 708 (1981).

The appellants' allegations in the counterclaim of abuse of process and outrageous conduct arise principally from an attachment issued by the circuit court in 1981. Specifically, in January 1981, the Wayne County Bank, seeking satisfaction of the indebtedness represented by the notes, filed in circuit court the affidavit of Michael A. Herrick, an officer of the Wayne County Bank. By way of that affidavit, the Wayne County Bank obtained an attachment of certain funds belonging to the appellants and located in the Guaranty National Bank of Huntington, West Virginia. That affidavit asserted that appellants Albert and Anna Hodges:

assigned their property, or a material part thereof, with intent to defraud their creditors, in that the said defendants, Albert Lee Hodges and Anna L. Hodges, on the 16th day of December, 1980, granted unto James D. Perry and Lafe C. Chafin, Trustees, a deed of trust to secure a loan of $32,500.00 from the Guaranty National Bank of Huntington, West Virginia ...; that the property conveyed by said deed of trust was part of the property listed in the financial statement presented by said defendants to the plaintiff [Wayne County Bank], and upon the value of such assets the plaintiff was induced to make the loan which is the subject of this action.

That affidavit, however, proved to be incorrect, and the circuit court in May 1981 quashed the attachment. In particular, the property conveyed by the deed of trust with regard to the Guaranty National Bank loan was *not* "part of the property listed in the financial statement presented by said defendants to the plaintiff, and upon the value of such assets the plaintiff was induced to make the loan which is the subject of this action."

In *Preiser v. MacQueen,* No. 16620 (W.Va. June 12, 1985), this Court discussed abuse of process and stated that "[g]enerally, abuse of process consists of the willful or malicious misuse or misapplication of lawfully issued process to accomplish some purpose not intended or warranted by that process." *Preiser,* slip op., at 13. Moreover, with regard to outrageous conduct, we recognized in syllabus point 6 of *Harless v. First National Bank in Fairmont,* 169 W.Va. 673, 289 S.E.2d 692 (1982), that "[o]ne who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm."

This Court, however, has carefully reviewed the record in this action and is of the opinion that the circuit court was correct in concluding that the appellants failed to raise a factual issue with regard to the allegations of abuse of process and outrageous conduct. *See Thomas v. Goodwin, supra* (indicating that summary judgment is proper in the absence of "substantial factual issues"). The record in this action is somewhat voluminous. There is nothing in the record to suggest that the Wayne County Bank may have acted willfully or maliciously in obtaining the attachment of the appellants' funds. *See Preiser v. MacQueen, supra.* Nor does the record suggest that the Wayne County Bank, in obtaining the attachment, may have intentionally or recklessly harmed the appellants. *See Harless v. First National Bank in Fairmont, supra.*[3]

---

**3.** During a hearing conducted in circuit court in May 1981, an attorney for the Wayne County

The attachment was issued in January 1981 and was quashed in May 1981. The attachment was sought by the Wayne County Bank in an effort to enforce its legal rights. The subsequent quashing of that attachment would not otherwise give rise to an action for abuse of process or outrageous conduct.

In *Prince v. Stoye,* 87 A.D.2d 864, 865, 449 N.Y.S.2d 303, 305 (1982), the Appellate Division of the Supreme Court of New York held that where a plaintiff "failed to demonstrate that the defendants used the process of attachment for the purpose of doing harm, ..." the plaintiff's action against the defendants for abuse of process was properly dismissed. *See also Lozano v. Tex-Paint, Inc.,* 606 S.W.2d 40 (Tex.Civ.App.1980); *McClellan Agency, Inc. v. Cunningham, Nielsen & Molloy, Inc.,* 22 Misc.2d 372, 198 N.Y.S.2d 164 (1960). *Cf., Delisi v. Garnett,* 257 Md. 4, 261 A.2d 784 (1970); *Quaranto v. Silverman,* 345 Mass. 423, 187 N.E.2d 859 (1963).

■ Moreover, we hold that the circuit court was correct in concluding that the appellants' assertion of usury was without merit. As the record unquestionably demonstrates, the loan from the Wayne County Bank to Gary Hodges, represented by the May, 1980 and September, 1980 notes, was for a business purpose, i.e., to advance the business of Gary Hodges of selling used automobiles. Furthermore, as the circuit court determined, each of the appellants "knew that the loan was made for a business purpose." There is no material or substantial issue of fact in that regard. *See W.Va.R.Civ.P.* 56; *Thomas v. Good-*

*win, supra.* The loan was not a "consumer loan" within the meaning of the West Virginia Consumer Credit and Protection Act. *W.Va. Code,* 46A-1-101 [1974], *et seq.*[4]

*W.Va. Code,* 47-6-11 [1979], is dispositive of the usury issue in this action. That statute provides:

No law limiting interest rates or providing for forfeiture, penalty, or other loss or liability because of the rate of interest charged may be applied:

(1) To any debt that is incurred by a loan, installment sale, or other similar transaction, and is incurred primarily for a business purpose; or

(2) To any addition to or refinancing in whole or in part of a debt meeting the requirements of subdivision (1) of this section, providing such addition or refinancing is also primarily for a business purpose: Provided, that if the debt described in subdivision (1) of this section is incurred by a natural person, the provisions of this section shall not apply unless such debt is in a principal amount of twenty thousand dollars or more.

For the purpose of determining the applicability of this section the term "business" means and includes any activity that is engaged in primarily for the purpose of generating "gross income," as that term is defined in section one, article thirteen, chapter eleven of this Code: Provided, that "business" does not mean or include farming or any other agricultural activity engaged in by a producer of agricultural commodities, livestock, or other farm products.

Bank stated, with refreshing candor, that he took "full responsibility" for the incorrect information in the affidavit of Michael A. Herrick, an officer of the Wayne County Bank, which information resulted in the issuance of the attachment.

4. *W.Va. Code,* 46A-1-102(14) [1979], provides that a "consumer loan" is a loan:
made by a person regularly engaged in the business of making loans in which:
  (a) The debtor is a person other than an organization;
  (b) The debt is incurred primarily for a personal, family, household or agricultural purpose;

  (c) Either the debt is payable in installments or a loan finance charge is made; and
  (d) Either the principal does not exceed twenty-five thousand dollars or the debt is secured by an interest in land.
*W.Va. Code,* 46A-1-102(14) [1979], was amended in 1981, but that amendment is not relevant to this action.

In syllabus point 1 of *Morris v. Marshall,* 172 W.Va. 405, 305 S.E.2d 581 (1983), we held that "[l]oans made for commercial purposes are not 'consumer loans' within the purview of the West Virginia Consumer Credit and Protection Act."

The circuit court, therefore, correctly concluded that the appellants' assertion of usury was without merit.

All other issues raised by the appellants are without merit.

Accordingly, upon all of the above, the final order of the Circuit Court of Wayne County is hereby affirmed.

Affirmed.