# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Brass Ring, Inc., and East End Realty Company,**
**Defendants Below, Petitioners**

vs)  **No. 12-1496** (Cabell County 12-C-273)

**Dennis Ray Johnson,**
**Plaintiff Below, Respondent**

**and**

**Dennis Ray Johnson,**
**Plaintiff Below, Petitioner**

vs)  **No. 12-1532** (Cabell County 12-C-273)

**Brass Ring, Inc., and East End Realty Company,**
**Defendants Below, Respondents**

**FILED**

November 8, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Dennis Ray Johnson, by counsel Richard W. Weston, appeals the final order of the Circuit Court of Cabell County, entered August 29, 2012, dismissing his complaint for failure to state a claim upon which relief could be granted. Brass Ring, Inc. and East End Realty Company, by counsel Robert H. Sweeney, Jr. and Jason D. Bowles, appeal the final order, entered November 26, 2012, insofar as it dismissed their counterclaim. We consolidate these cases for purposes of decision.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Johnson filed a complaint in the Circuit Court of Cabell County in April of 2012, asserting that Brass Ring and East End Realty agreed to sell him property that they jointly owned on Hal Greer Boulevard in Huntington, then failed to complete the transaction to which they had agreed. He asserted a claim for breach of contract and sought declaratory judgment that the subsequent agreement to sell the property to Marshall University was void as a matter of law. He filed a notice of *lis pendens* that day, asserting that "there is pending in the above-styled civil action a claim or interest of [respondent] in the property. . . ."

1

Brass Ring and East End Realty filed a motion to dismiss for failure to state a claim upon which relief could be granted, arguing that Mr. Johnson did not allege in his complaint the existence of a written, signed contract. Brass Ring and East End Realty explained that they had given respondent an option to purchase the property in February of 2011, and that an option is not a contract to purchase real estate. The document memorializing the option, a letter from the East End Realty president, stated:

> Dennis Johnson has the *Option to Purchase* the property & building located at 329-335 Hal Greer Boulevard[,] Huntington, West Virginia for $550,000 until March 22, 2011. Property to be sold as is. The buyer agrees to pay any finder's fee or commission. The buyer agrees to take care of closing costs and transfer fees. The buyer agrees to pay $2500.00 (two thousand five hundred dollars) to take the property off the market until March 22, 2011.

> If Dennis Johnson exercises this option he shall have until April 22, 2011 to close on the purchase. If he does not close on the purchase by this date the owner shall be able to sell this property to another party unencumbered by this agreement.

Mr. Johnson purports to have accepted this "offer" by letter dated March 21, 2011. Brass Ring and East End Realty alleged in their answer to the complaint, and it has not been disputed, that Mr. Johnson never tendered the described $2500.00. In that answer, Brass Ring and East End Realty denied that a contract existed and asserted a counterclaim for slander of title and abuse of process, both based on the filing of the notice of *lis pendens*.

The circuit court entered, on August 29, 2012, an order dismissing Mr. Johnson's claims on the basis that he did not tender the $2500.00 required for the option by the requisite date of March 22, 2012, the date the option was to expire. The court further found that the option itself was not a contract. Mr. Johnson recorded his release of the notice of *lis pendens* on August 23, 2012. One week later, he filed a motion to dismiss the counterclaim for failure to state a claim upon which relief could be granted. He argued that notice of *lis pendens* functions as constructive notice that a claim is asserted and is a privileged filing of litigation. The circuit court agreed and entered a final order dismissing the counterclaim on November 26, 2012.

On appeal, Mr. Johnson presents three assignments of error. He argues, first, that the circuit court erred in concluding that no real estate contract was formed, because the option, even without consideration, constituted a revocable offer which Mr. Johnson accepted prior to revocation. He argues, second, that the circuit court erred in determining that there was a lack of consideration to support the option contract. Finally, he argues that the circuit court erred in finding that the option required that money be paid by a date certain, because the option was silent concerning the time that the money should be paid. Brass Ring, Inc. and East End Realty present a single assignment of error: that the circuit court improperly applied the litigation privilege to Mr. Johnson's filing of the notice of *lis pendens* when dismissing the counterclaim.

This Court has previously held that "'[a]ppellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*.' Syllabus Point 2, *State ex rel. McGraw v. Scott Runyan Pontiac–Buick, Inc.*, 194 W.Va. 770, 461 S.E.2d 516 (1995)." Syl. Pt. 1, *Cantley v.*

2

*Lincoln Cnty. Comm'n*, 221 W.Va. 468, 655 S.E.2d 490 (2007). We review the parties' assignments of error according to that standard.

Mr. Johnson's first assignment of error—that the validity of the option contract is irrelevant because, even without consideration, the option language constituted a revocable offer which he accepted—fails. In support of that argument, Mr. Johnson directs our attention to *Weaver v. Burr*, 31 W.Va. 736, 8 S.E. 743 (1888), and urges us to recognize that where an "offer or option is without consideration, it is merely a revocable offer." In *Weaver*, we considered the effect of the following language, which we described as a "proposal":

> I am willing to sell my land on which I now reside, in the county of Pocahontas and state of West Virginia, containing five hundred acres, more or less, for the price of six dollars and twenty-five cents per acre cash; and the parties for whom Mr. F. P. Huxthal are negotiating for said land shall have the privilege of buying said property at said price, and on said terms, for sixty days from the seventh day of June, 1883.—JOHN BURR.

*Id*. at 737, 743. The above proposal is distinguished from that in the instant case because it did not contemplate consideration for the option itself. On its face, it was an offer of sale placing no obligation on the offeree prior to acceptance. Mr. Johnson has cited no precedent in which we have bound a party to a contract after that party wholly failed to satisfy the obligations set forth in an underlying option contract, and we see no reason under the facts before us to so hold.

Having determined that the option language did not create a revocable, continuing offer, we turn to Mr. Johnson's arguments concerning the validity of the option contract. According to our jurisprudence, an option contract

> is not a contract to sell, nor an agreement to sell, real estate, because there is no mutuality of obligation and remedy; but it is a contract by which the owner agrees with another person that he shall have the right to buy, within a certain time, at a stipulated price. It is a continuing offer to sell, which may or may not, within the time specified, at the election of the optionee, be accepted. The owner parts with his right to sell to another for such time, and gives to the optionee this exclusive privilege. It is the right of election to purchase, which has been bought and paid for, and which forms the basis of the contract between the parties. *Upon the payment of the consideration*, and the signing of the option, it becomes an executed contract—not, however, an executed contract selling the land, but the sale of the option, which is irrevocable by the optionor, and which is capable of being converted into a valid executory contract for the sale of land. . . .

*Pollock v. Brookover*, 60 W.Va. 75, 78-79, 53 S.E. 795, 796 (1906) *accord American Canadian Expeditions, Ltd. v. Gauley River Corp.*, 221 W.Va. 442, 445, 655 S.E.2d 188, 191 (2007)(emphasis supplied).

On this premise, we reject Mr. Johnson's second assignment of error, in which he argues that an option contract, supported by valid consideration, was formed. Specifically, he suggests

that his willingness to accept the property "as is," pay any necessary finder's fee, and pay closing costs was adequate. We disagree. The letter from the East End Realty president specifically stated that the subject property would be off the market in exchange for the payment of $2500.00. *Pollock* instructs that payment of consideration is necessary to the formation of an option contract. Here, specific and requisite consideration was not paid and no option contract was formed.[1] For this reason, we also decline to accept Mr. Johnson's third assignment of error, in which he argues that the East End Realty letter was silent as to when the $2500.00 consideration must be paid. Again, absent the payment, there simply was no option contract. Mr. Johnson did not remit the money prior to the date that the option would have expired, prior to the date by which the option would have required that he complete the sale, or prior to Brass Ring's and East End Realty's subsequent agreement with Marshall University. A contract was not formed at any point in the timeline covered by Mr. Johnson's complaint.

Finally, we address the counterclaimants' assignment of error. The notice of *lis pendens* that Mr. Johnson filed in conjunction with his complaint stated:

> KNOW ALL MEN BY THESE PRESENTS, that the Plaintiff herein, Dennis Ray Johnson, by counsel . . . and by this Memorandum filed with the Clerk of Cabell County, West Virginia, gives notice that there is pending in the above-styled civil action a claim or interest of the Plaintiff, Dennis Ray Johnson, in the property known as 329-335 Hal Greer Boulevard. . . .

We do not consider today whether the circuit court correctly concluded that litigation privilege immunity extends to the filing of a notice of *lis pendens* in our state, because even in the absence of privilege the counter-claim would fail. On its face, this statement falls short of the common law requirements for proving slander of title. We have identified the elements of that claim as: "(1) publication of (2) a false statement (3) derogatory to plaintiff's title (4) with malice (5) causing special damages (6) as a result of diminished value in the eyes of third parties." Syl. Pt. 3, *TXO Production Corp. v. Alliance Resources Corp.*, 187 W.Va. 457, 419 S.E.2d 870 (1992). Brass Ring and East End Realty asserted in the counterclaim that Mr. Johnson published a false statement because he had no legal right or claim to the property. However, the statement of the notice of *lis pendens* was "that there is pending in [a] civil action a claim or interest of the [p]laintiff. . . ." Mr. Johnson had made a claim through the filing of a civil action, and this statement was true.[2]

---

[1]Mr. Johnson argues, parcel to this assignment of error that it is "disingenuous" for East End Realty and Brass Ring to refuse to honor the contract over "this small amount in relation to the overall deal." We again refer to our long-standing caution that an option contract is not an agreement to sell. *Pollock*, 60 W.Va. 75 at 78-79, 53 S.E. 795 at 796. The bargain for the option and the bargain for the sale were not a single "overall deal" and we will not contemplate the worth of $2500.00 "in relation to" to purchase price.

[2]Despite the urging of Brass Ring and East End Realty, we will not find that Mr. Johnson made a false statement under the application of *TXO Production Corp. v. Alliance Resources Corp.*, 187 W.Va. 457, 419 S.E.2d 870 (1992), wherein the jury found that the appellant had knowingly and maliciously filed a frivolous quitclaim deed. In *TXO* we wrote, "Although we

4

Furthermore, the filing of the notice of *lis pendens* does not support a claim for abuse of process.[3] "'Generally, abuse of process consists of the willful or malicious misuse or misapplication of lawfully issued process to accomplish some purpose not intended or warranted by that process.' *Preiser v. MacQueen*, [177] W.Va. [273, 279], 352 S.E.2d 22, 28 (1985)." Syl. pt. 2, *Wayne County Bank v. Hodges*, 175 W.Va. 723, 338 S.E.2d 202 (1985). This Court has explained:

> The distinctive nature of an action for abuse of process, as compared with the actions for malicious prosecution and false imprisonment, is that it lies for the improper use of a regularly issued process, not for maliciously causing process to issue, or for an unlawful detention of the person. . . . The authorities are practically unanimous in holding that to maintain the action [for abuse of process] there must be proof of a willful and intentional abuse or misuse of the process for the accomplishment of some wrongful object—an intentional and willful perversion of it to the unlawful injury of another.

*Preiser*, 177 W.Va. at 279, 352 S.E.2d at 28 (*quoting Glidewell v. Murray-Lacy and Company*, 124 Va. 563, 569, 571, 98 S.E. 665, 667, 668 (1919)).

"Process" is a "summons or writ, esp. to appear or respond in court." *Black's Law Dictionary* 1325 (9th ed. 2004). A "summons" is "a writ or process commencing the plaintiff's action and requiring the defendant to appear and answer" or "a notice requiring a person to appear in court as a juror or witness." *Id*. At 1574. A "writ" is "a court's written order, in the name of a state or other competent legal authority, commanding the addressee to do or refrain from doing some specified act." *Id*. at 1747. Notice of *lis pendens* commences no action, commands no act, and confers no obligation of appearance. In an action affecting the interest in real estate in this state, the parties claiming a right or title may file with the clerk of the county in which the subject real estate is situated a notice of the pendency of the action, or *lis pendens*. W.Va. Code § 55-11-12 (2008). From the time of the filing of the appropriate notice, prospective purchasers are warned regarding the acquisition of property that is affected by litigation. *See Thomas v. Lupis*, 96 W.Va. 100, 122 S.E. 365 (1924). However, notice of *lis pendens* alone

---

want to discourage people from slandering the title of others, we do not want to discourage people from making legitimate (though possibly weak) claims of their own" and further that "we also distinguish between cases in which the claimant legitimately raises questions of title in himself and cases in which the claimant raises his own claim without any reasonable grounds." *Id*. at 466, 879. Under the limited circumstances of the case before us, where Mr. Johnson had the proposed option language as a basis for his claim that Brass Ring and East End Realty were obligated to sell particular property to him, we find that his claim—though weak—was not absurd. While the facts before us do not support a claim upon which relief could be granted, it was not unreasonable for Mr. Johnson to think it possible. The statement, contained in the notice of *lis pendens*, that he had made a claim was proper.

[3]Mr. Johnson sought specific performance of the sale of the property. There is, then, a presumption that the notice of *lis pendens* was properly filed. Syl. Pt. 1, *State ex rel. Watson v. White*, 185 W.Va. 487, 408 S.E.2d 66 (1991).

5

creates no lien or claim on the property. *Id.* at 367-68. A notice of *lis pendens* is not process; it is merely notice of process. The Court thus finds that Brass Ring and East End Realty have failed to state a claim for abuse of process, inasmuch as the document about which they complain was not legal process, but simply a formal notice reasonably filed to warn potential purchasers of the pending claim, and timely released upon the circuit court's dismissal of the subject claim.

For the foregoing reasons, we affirm the orders of the Circuit Court of Cabell County.

Affirmed.

**ISSUED:** November 8, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II