655 S.E.2d 490

Edward W. CANTLEY, Sr. and Judith K. Cantley, Lisa Bragg and James Bragg, Charles Flowers, Tracy Flowers, Betty E. Flowers, Sabrina Maynard, Laura Goff, James Stowers, John Cummings and Amanda Cummings, Brenda Price and Ricky A. Price, Earl Sowards and Mavis Sowards, Lisa Adkins and Tommy Adkins, and Jennifer Lawrence, individually and on behalf of all others similarly situated, Plaintiffs and Putative Class Representatives Below, Appellants

v.

LINCOLN COUNTY COMMISSION, Defendant Below, Appellee.

No. 33345.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 18, 2007.

Decided Nov. 8, 2007.

Rudolph L. DiTrapano, Esq., Lonnie C. Simmons, Esq., Heather M. Langeland, Esq., DiTrapano, Barrett & DePiero Charleston, WV, for Appellants.

R. Carter Elkins, Esq., Andrew P. Ballard, Esq., Campbell, Woods, Bagley, Emerson, Huntington, WV, for Appellee.

PER CURIAM.

This case is before the Court on an appeal of a final order of the Circuit Court of Lincoln County, entered on August 28, 2006. The circuit court granted appellee Lincoln County Commission's motion to dismiss pursuant to Rule 12(b)(6) of the *West Virginia Rules of Civil Procedure*. The order dismissing the appellee was entered pursuant to Rule 54(b) of the West Virginia Rules of Civil Procedure and is considered a final order for purposes of appeal to this Court. In this appeal, appellants argue that the circuit court erred by granting the appellee's motion to dismiss because their complaint alleged sufficient facts that, if considered as true, would entitle the appellants to relief.

This Court has before it the petition for appeal, the designated record, and the briefs and arguments of counsel. For the reasons set forth below, the order of the circuit court is reversed, and the case remanded for further proceedings consistent with this opinion.

## I.

The appellants in this case are residents of Lincoln County, West Virginia and live pri-marily in the towns of Yawkey and Griffithsville. On November 12, 2003, the appellants and other residents[1] of Yawkey and Griffithsville suffered extensive flood damage to their properties when the Mud River overflowed its banks. After the flood waters subsided, the appellants began the tedious process of cleaning up and recovering property which could be salvaged. However, on November 18, 2003, the Mud River once again reached flood stage, and again the appellants suffered extensive flood damage to their properties.

On November 11, 2004, the appellants filed this civil action in the Circuit Court of Lincoln County on behalf of themselves and a putative class seeking damages for the flooding they had suffered in November 2003 and, additionally, for abatement of future flooding. The appellants named the Lincoln County Commission as defendant, asserting, *inter alia*, that the Commission had, and continues to have, a duty to maintain the Middle Fork of the Mud River.[2]

In their complaint, the appellants allege that the appellee's duty to maintain the Middle Fork of the Mud River is based, in part, on a 1962 agreement between the appellee and the U.S. Army Corps of Engineers—an agreement designated as the Channel Improvement Project, later referred to as the Middle Fork Flood Control Project. In addition to the duties and obligations assumed and agreed to by the appellee with the U.S. Army Corps of Engineers, the appellants allege that the appellee also has a duty pursuant to other legal theories, including the allegation that *W. Va.Code*, 7–1–3(u) and (v), impose a mandatory duty upon the appellee to maintain the Mud River within Lincoln County.

In response to the allegations in appellants' complaint, the appellee filed a motion to dismiss pursuant to Rule 12(b)(6) of the *West Virginia Rules of Civil Procedure*, asserting that, as a matter of law, the appellee did not have any of the duties alleged by the appellants. In support of its motion, the

---

1. Hereinafter collectively referred to as "appellants."

2. The Middle Fork is a part of the Mud River in the area of Yawkey and Griffithsville, Lincoln County, West Virginia.

appellee argued that *W. Va.Code,* 7–1–3(u) and (v), are permissive statutes that allow—but do not require—a county commission to have flood control projects. Further, to the extent that the appellee had entered into an agreement, or assumed any responsibility, for flood control of the Mud River prior to 1965, as asserted by the appellants, such an agreement or responsibility was terminated on November 22, 1965, when the Circuit Court of Lincoln County established the Middle Fork Drainage, Levee and Reclamation District of Lincoln County[3] pursuant to the provisions of *W. Va.Code,* 19–21–1, *et seq.*

The circuit court agreed with the appellee, finding that the appellee had "never assumed control of the Middle Fork Drainage District," and had "avoided interaction with that Drainage District" and that the appellee was "without legal authority either statutory or common law to abolish or restrict" the activities of the Middle Fork Drainage District. Further, the circuit court found that it was the Middle Fork Drainage District that was the governmental entity with authority and control of the Middle Fork of Mud River and that the appellee had no control over the District's actions. As to the appellant's assertion that *W. Va.Code,* 7–1–3(u) and (v), impose a mandatory duty upon the appellee to maintain the Middle Fork District of the Mud River, the circuit court found the same to be permissive statutes that imposed no affirmative duty upon the appellee. In granting the appellee's Rule 12(b)(6) motion, the circuit court held that the appellee was without jurisdiction or authority over the Middle Fork of the Mud River, and that the exclusive jurisdiction and authority of that area rested with the Middle Fork Drainage District, and therefore that the appellee was entitled to be dismissed from the complaint with prejudice.

For the reasons set forth below, we find that the circuit court erred in granting the appellee's Rule 12(b)(6) motion.[4]

**3.** Hereafter Middle Fork Drainage District. In 1917 the Legislature authorized circuit courts "to establish and organize drainage, levee and reclamation districts." *W. Va.Code,* 19–21–1 (1917).

## II.

As a preliminary matter, we note that "[a]ppellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo* " Syllabus Point 2, *State ex rel. McGraw v. Scott Runyan Pontiac–Buick, Inc.,* 194 W.Va. 770, 461 S.E.2d 516 (1995).

This Court has consistently held that a trial court should not dismiss a complaint where sufficient facts have been alleged that, if proven, would entitle the plaintiff to relief "The trial court, in appraising the sufficiency of a complaint on a Rule 12(b)(6) motion, should not dismiss the complaint unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Syllabus Point 3, *Chapman v. Kane Transfer Company,* 160 W.Va. 530, 236 S.E.2d 207 (1977) quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80, 84 (1957).

The purpose of a motion under Rule 12(b)(6) of the *West Virginia Rules of Civil Procedure* is to test the sufficiency of the complaint. A trial court considering a motion to dismiss under Rule 12(b)(6) must liberally construe the complaint so as to do substantial justice. *West Virginia Rules of Civil Procedure,* Rule 8(f). The trial court's consideration begins, therefore, with the proposition that "[f]or purposes of the motion to dismiss, the complaint is construed in the light most favorable to plaintiff, and its allegations are to be taken as true." *John W. Lodge Distributing Co., Inc. v. Texaco, Inc.,* 161 W.Va. 603, 605, 245 S.E.2d 157, 158 (1978). The policy of Rule 8(f) is to decide cases upon their merits, and if the complaint states a claim upon which relief can be granted under any legal theory, a motion under Rule 12(b)(6) must be denied. *John W. Lodge Distributing Co.,* 161 W.Va. at 605, 245 S.E.2d at 158–159.

**4.** In the order dismissing the appellee from the complaint below, the circuit court granted leave for the appellants to amend their civil action to name the Middle Fork Drainage District as a defendant. The court makes no finding regarding this aspect of the circuit court's order.

■ The appellants' complaint alleged several legal theories for holding the appellee liable to the appellants for the flood damage discussed above. Pursuant to our holding in *John W. Lodge Distributing Co., supra,* and other cases addressing Rule 12(b)(6) issues, we must accept the appellants' factual allegations as true for purposes of our review. In so doing, it is clear to us that the appellants clearly stated a claim—if proven—upon relief could be granted.

For example, paragraph 6 of the complaint seeks relief based upon, *inter alia,* that the appellee Lincoln County Commission's duty to "carry out erosion and sedimentation control measures and programs to protect people and property from floods, pursuant to W. Va.Code §§ 7–1–3(u) and (w) and the Channel Rectification Project, Middle Fork of Mud River, Griffithsville–Yawkey, West Virginia, agreement between the United States Army Corps of Engineers and [the County Court],[5] operating as the Middle Fork Drainage, Levee and Reclamation District of Lincoln County." In support of the claim that the appellee had this duty, the appellants submitted with their brief a copy of the order of the County Court of Lincoln County dated November 8, 1962. In this order, the appellee County Court accepted a motion from parties representing the Middle Fork Flood Control Project requesting that the appellee sponsor the U.S. Army Corps of Engineers flood control project. The appellee voted in favor of the motion and

... adjudged, ordered and decreed that the County Court of Lincoln County, West Virginia is willing to furnish the Federal Government the required assurances of local cooperation for a channel improvement project for flood control on the Middle Fork of Mud River in Lincoln County, West Virginia, and will provide assurances of compliance with the requirements set forth in Section 3 of the Flood Control Act of June 22, 1936, as amended, in so far and in so far only, as said Court is legally authorized and empowered to so do under the Laws of the State of West Virginia ...

to enter into a contract and agreement relating to such matters....

Lincoln County Court Order, November 8, 1962.

In the same order, the appellee also assured that "after completion of the works and project [Middle Fork Flood Control Project], that the same will be maintained and operated in accordance with regulations prescribed by the Secretary of the Army...." Accepting as true that the appellee has the duty to maintain the Mud River, and further accepting as true all the allegations in the appellants' complaint that appellee failed in that duty despite repeated warnings from the U.S. Army Corps of Engineers and others, this Court is of the opinion that the appellants' complaint states a sufficient basis upon which relief—if proven—could be granted.

This conclusion is not changed when considering the appellee's argument that the creation of the Middle Fork Drainage District in 1965 superceded the appellee's 1962 agreement with the Corps of Engineers to maintain the Middle Fork Flood Control Project. This may be an affirmative defense for the appellee; however, there remain numerous questions of fact and law to be decided. One obvious question is whether the appellee's agreement with the U.S. Army Corps of Engineers can be terminated where it appears that neither the appellee, nor the U.S. Army Corps of Engineers, was a party to the circuit court civil action that created the Middle Fork Drainage District at a date following the appellee County Court's 1962 order. Another question is whether the Middle Fork Drainage District as created by the circuit court in 1965 covers and incorporates the exact same geographical area as the Middle Fork Flood Control Project incorporated in the appellee's 1962 order.

Because we find that the appellants' complaint stated a sufficient basis upon which relief could be granted if facts, as alleged, are proven by the appellants, we need not address the parties remaining arguments.[6]

---

5. In 1962, a West Virginia County Commission was legally designated as a County Court.

6. Nothing in this opinion should be construed to imply that this Court has ruled upon the merits of any part of the complaint or issues in the case below. Our opinion is based on construing the

## III.

For the reasons set forth herein, we find that the appellants' complaint stated a sufficient claim against the appellee and upon which relief could be granted. This case is reversed and remanded to the circuit court for further proceedings consistent with this opinion.

Reversed and Remanded.

facts and allegations in the complaint (which may be further developed through discovery) as true, in accord with the precedent cited herein for reviewing a trial court's granting of a Rule 12(b)(6) motion.