## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Exploration Energy Partners, LLC,**
**a North Carolina limited liability company,**
**Plaintiff Below, Petitioner**

**FILED**

June 28, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 12-0706** (Pleasants County 12-C-4)

**Mountaineer Gas Transmission, Inc.,**
**a Nevada corporation; and Unified**
**Investments, LLC, a Nevada limited**
**liability company, Defendants Below,**
**Respondents**

### MEMORANDUM DECISION

Petitioner Exploration Energy Partners, LLC, by counsel William J. Leon, appeals the Circuit Court of Pleasants County's April 17, 2012 order granting respondents' motion to dismiss in an action for damages pursuant to a contract. Respondents Mountaineer Gas Transmission, Inc., and Unified Investments, LLC, by counsel Joseph G. Troisi, have filed a response.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In November of 2010, Respondent Mountaineer Gas ("Mountaineer") entered into a contract with U.S. Exploration, LLC, ("U.S. Exploration"), who is not a party to this appeal, whereby Mountaineer agreed to sell U.S. Exploration a thirty percent undivided interest in leaseholds to thirty-five oil and gas wells located in Pleasants, Wood, and Ritchie Counties in exchange for an initial investment of $62,700. As further consideration for its acquisition of the assets, U.S. Exploration was obligated to expend additional sums to return to production at least seventy-five percent of the wells subject to the contract. On September 29, 2011, U.S. Exploration transferred its interests in the leaseholds and wells acquired from Mountaineer to Petitioner Exploration Energy Partners, LLC, ("Energy Partners") by assignment and bill of sale. According to U.S. Exploration, it paid Respondent Mountaineer the initial $62,700 required by the contract. Thereafter, as required, U.S. Exploration and, subsequently, petitioner allege that they invested substantial time and money to return several of the wells subject to the contract to production. At some point after the execution of the November 23, 2010, contract, Respondent Mountaineer conveyed some or all of its rights in the assets subject to said contract to Respondent Unified Investments, LLC.

1

Petitioner Energy Partners alleges that neither it nor its predecessor, U.S. Exploration, received the compensation due to them pursuant to the contract and, therefore, initiated a civil action below. On February 23, 2012, respondents filed an answer and motion to dismiss based upon a forum-selection clause in the November 2010 contract requiring that any actions regarding the contract must be brought in Dallas County, Texas. After hearing arguments on the motion, the circuit court found that the forum-selection clause was valid and enforceable and entered an order on April 17, 2012, granting respondents' motion to dismiss. It is from this order that Petitioner Energy Partners appeals.

This Court has previously held that "'[a]ppellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*.' Syllabus Point 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W.Va. 770, 461 S.E.2d 516 (1995)." Syl. Pt. 1, *Cantley v. Lincoln Cnty. Comm'n*, 221 W.Va. 468, 655 S.E.2d 490 (2007). We have also held that

> [d]etermining whether to dismiss a claim based on a forum-selection clause involves a four-part analysis. The first inquiry is whether the clause was reasonably communicated to the party resisting enforcement. The second step requires classification of the clause as mandatory or permissive, i.e., whether the parties are *required* to bring any dispute to the designated forum or are simply *permitted* to do so. The third query asks whether the claims and parties involved in the suit are subject to the forum-selection clause. If the forum-selection clause was communicated to the resisting party, has mandatory force and covers the claims and parties involved in the dispute, it is presumptively enforceable. The fourth, and final, step is to ascertain whether the resisting party has rebutted the presumption of enforceability by making a sufficiently strong showing that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching.

Syl. Pt. 4, *Caperton v. A.T. Massey Coal Co.*, Inc., 225 W.Va. 128, 690 S.E.2d 322 (2009). After careful consideration of the parties' arguments, this Court concludes that the circuit court did not err in granting respondents' motion to dismiss based on the forum-selection clause.

As to the first element, this Court found in *Caperton* that the clause in that case was reasonably communicated to the party resisting enforcement based upon the fact that Hugh M. Caperton, one of the appellees, signed the contract in question as president of Sovereign Coal Sales, Inc., one of the corporate parties to the agreement. Thereafter, Mr. Caperton founded Harman Development Corporation and that company purchased Sovereign. In determining that the first element was met, the Court noted that ". . . Sovereign [was a party] to the agreement, and Mr. Caperton signed the contract in his capacity as president of Sovereign. Therefore, these parties cannot claim ignorance of the plainly worded forum-selection clause . . . ." *Id.*, at 143, 690 S.E.2d at 337. In this appeal Mr. Harry Slack Jr., who is a principal of Petitioner Energy Partners, signed the contract in question in his official capacity as president of U.S. Exploration. Based upon our prior holding in *Caperton*, the Court finds that the clause in question was reasonably communicated to the party resisting enforcement.

As to the second and third *Caperton* elements, petitioner has acknowledged that the forum-selection clause at issue is mandatory, thereby satisfying element two as set forth above. Petitioner has also acknowledged that the claims involved are claims that would be subject to the forum-selection clause, thereby satisfying element three.

Finally, in regard to the fourth *Caperton* factor, the Court finds that petitioner has failed to rebut the presumption of enforceability with a sufficiently strong showing that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching. Petitioner's entire argument on this point is that Texas courts have no subject matter jurisdiction over cases concerning ownership rights arising under oil and gas leases concerning realty located wholly outside that state. As such, petitioner argues that enforcing the forum-selection clause is unreasonable. Citing *Caperton*, petitioner argues that unreasonable forum-selection clauses will not be enforced. *Id.* 225 W.Va. at 154, 690 S.E.2d at 348. In *Caperton*, we noted that

> [c]hoice of forum and law provisions may be found unreasonable if (1) their formation was induced by fraud or overreaching; (2) the complaining party "will for all practical purposes be deprived of his day in court" because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy; or (4) their enforcement would contravene a strong public policy of the forum state.

*Id.* (quoting *Belfiore v. Summit Fed. Credit Union*, 452 F.Supp.2d 629, 631-32 (D.Md. 2006)). Petitioner admits that it has filed concurrent litigation in Dallas County, Texas, and argues that, should the Texas court dismiss the action for lack of subject matter jurisdiction, it "will be compelled to again file suit in West Virginia." Based upon petitioner's argument, it is clear that petitioner will not be deprived of a remedy if the forum-selection clause is enforced, and the clause is, therefore, not unreasonable.

For the foregoing reasons, we find no error in the decision of the circuit court and its April 17, 2012 order granting respondents' motion to dismiss is affirmed.

Affirmed.

**ISSUED:** June 28, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**

Justice Robin Jean Davis
Justice Margaret L. Workman

3