# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Lindsey Skidmore,**
**Plaintiff Below, Petitioner**

**vs) No. 17-0943** (Nicholas County 16-C-27)

**City of Summersville, an**
**incorporated municipality d/b/a**
**Summersville Regional**
**Medical Center, and**
**Laura Norman, individually,**
**Defendants Below, Respondents**

**FILED**

**November 16, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Lindsey Skidmore, by counsel Mark Atkinson, John-Mark Atkinson, and Robert B. Warner, appeals the Circuit Court of Kanawha County's September 20, 2017, order that granted the motion for summary judgment filed by Respondents City of Summersville d/b/a Summersville Regional Medical Center and Laura Norman. Respondents, by counsel Kurt E. Entsminger and Raymond L. Harrell, Jr., filed a response in support of the circuit court's order. Petitioner submitted a reply. On appeal, petitioner challenges the circuit court's conclusion that her complaint failed to allege a violation of the West Virginia Human Rights Act.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner began her employment as a staff nurse in the emergency department of the Summersville Regional Medical Center ("hospital") in October of 2011. She was terminated from employment on July 16, 2015.

Petitioner filed a complaint against respondents alleging that, on or about June 2, 2015, she announced to her co-workers and supervisors that she was pregnant; that, between late June and early July of 2015, she "began suffering medical complications related to her pregnancy[;]" that, on July 7, 2015, she "was placed on light duty by her doctor until July 14, 2015, due to medical complications related to her pregnancy[;]" and that respondents thereafter unlawfully terminated her employment.

At issue in this appeal is whether the complaint alleged that respondents violated the

1

West Virginia Human Rights Act. Under the section of the complaint entitled "FIRST CAUSE OF ACTION," petitioner alleged that her "termination from employment was based upon, in whole or in part, [her] pregnancy, and/or [respondents'] failure to accommodate [petitioner's] pregnancy, in violation of West Virginia Code § 5-11B[,]" the Pregnant Workers Fairness Act. Petitioner also alleged that, due to respondents' actions, she suffered lost wages and benefits, "is entitled to damages for indignity, embarrassment, humiliation, annoyance, and inconvenience[,]" and that respondents' actions were willful, wanton and done in reckless indifference or disregard of the rights of petitioner. Finally, petitioner alleged that respondents' "actions were willful and malicious and violated the West Virginia Human Rights Act entitling [her] to attorney['s] fees and costs pursuant to West Virginia Code § 5-11-13 and/or the decisions of the West Virginia Supreme Court of Appeals."[1]

Respondents filed an answer and discovery ensued. Respondents thereafter filed a motion for summary judgment in which it argued that petitioner's Pregnant Workers Fairness Act claim alleged that petitioner was terminated based upon the hospital's refusal to make reasonable accommodations for a medical condition related to her pregnancy.[2] Respondents argued that

---

[1] The circuit court found, and petitioner does not dispute, that this reference to the West Virginia Human Rights Act relates solely to petitioner's claim for attorney's fees and costs under the Pregnant Workers Fairness Act. West Virginia Code § 5-11B-3 of the Pregnant Workers Fairness Act states that

(a) The powers, procedures, and remedies provided in article eleven of this chapter to the Commission, the Attorney General, or any person, alleging a violation of the West Virginia Human Rights Act shall be the powers, procedures, and remedies this article provides to the Commission, the Attorney General, or any person, respectively, alleging an unlawful employment practice in violation of this article against an employee or job applicant.

West Virginia Code 5-11-13(c) of the West Virginia Human Rights Act provides for an award of "all or a portion of the costs of litigation, including reasonable attorney['s] fees and witness fees, to the complainant."

[2] West Virginia Code § 5-11B-2 of the Pregnancy Workers Fairness Act provides, in pertinent part, as follows:

It shall be an unlawful employment practice for a covered entity to:

(1) Not make reasonable accommodations to the known limitations related to the pregnancy, childbirth, or related medical conditions of a job applicant or employee, following delivery by the applicant or employee of written documentation from the applicant's or employee's health care provider that specifies the applicant's or employee's limitations and suggesting what accommodations would address those limitations, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity;

2

petitioner was unable to prove the required unambiguous elements of West Virginia Code § 5-11B-2—that is, petitioner failed to prove that she required reasonable accommodation due to her pregnancy; that the hospital knew about the reasonable accommodation through specific medical documentation; and that petitioner was terminated based upon the hospital's refusal to make reasonable accommodations. Respondents also recounted evidence that showed that petitioner's medical condition (a small hematoma on her rectal muscle) was unrelated to her pregnancy and that she was terminated from employment for reasons wholly unrelated to her pregnancy.[3]

In her response to respondents' motion for summary judgment, petitioner did not counter respondents' argument that they did not violate the Pregnant Workers Fairness Act. Instead, petitioner argued that the facts proved a prima facie case of pregnancy discrimination under the West Virginia Human Rights Act. *See* § W.Va. Code 5-11-9(1) ("It shall be an unlawful discriminatory practice . . . [f]or any employer to discriminate against an individual with respect to compensation, hire, tenure, terms, conditions or privileges of employment if the individual is able and competent to perform the services required . . . ."); Syl. Pt. 2, *Frank's Shoe Store v. W. Virginia Human Rights Comm'n*, 179 W. Va. 53, 365 S.E.2d 251 (1986) ("Discrimination based upon pregnancy constitutes illegal sex discrimination under the West Virginia Human Rights Act, *W.Va.Code,* 5–11–9(a) [1981].").

By order entered on September 20, 2017, the circuit court granted respondents' motion for summary judgment. The court found that petitioner failed to argue or offer any proof that there were questions of fact as to whether respondents violated the Pregnant Workers Fairness Act. Instead, the court found, petitioner argued, for the first time in her summary judgment response, that respondents violated the West Virginia Human Rights Act. The circuit court rejected this argument, concluding that, even liberally construing the allegations of the complaint, *see Cantley v. Lincoln Cty. Comm'n*, 221 W. Va. 468, 655 S.E.2d 490 (2007), petitioner failed "to clearly assert a violation of the West Virginia Human Rights Act to place [respondents] on notice of the need to defend that claim." *See Highmark West Virginia, Inc. v. Jamie*, 221 W. Va. 487, 491, 655 S.E.2d 509, 513 (2007) ("'Under Rule 8 [of the West Virginia Rules of Civil Procedure], a complaint must be intelligibly sufficient for a circuit court or an opposing party to understand whether a valid claim is alleged and, if so, what it is.'" (quoting

---

(2) Deny employment opportunities to a job applicant or employee, if such denial is based on the refusal of the covered entity to make reasonable accommodations to the known limitations related to the pregnancy, childbirth, or related medical conditions of an employee or applicant[.]

[3] According to respondents, petitioner had a long history of progressive discipline and her termination was due to her violation of the hospital's policy on personal cell phone use at work, willful refusal to follow a physician's directive relating to patient care, and gross neglect of a mentally disabled and seriously ill patient. Furthermore, respondents argue that, although petitioner alleged that she began suffering medical complications related to her pregnancy in June or July of 2015, her own physician testified the small hematoma on her rectal muscle was not related to her pregnancy, that the hematoma could have occurred when she leaned against a desk at work, and that she did not experience any pregnancy complications as a result.

*State ex rel. McGraw v. Scott Runyan Pontiac–Buick,* 194 W. Va. 770, 776, 461 S.E.2d 516, 522 (1995))). Petitioner now appeals.

We review de novo petitioner's appeal of the circuit court's order granting summary judgment in favor of respondents. "A circuit court's entry of summary judgment is reviewed *de novo.*" Syl. Pt. 1, *Painter v. Peavy,* 192 W. Va. 189, 451 S.E.2d 755 (1994).

Petitioner assigns as error the circuit court's conclusion that she failed to adequately plead a pregnancy discrimination claim under the West Virginia Human Rights Act. Under the section of her complaint entitled "FIRST CAUSE OF ACTION," petitioner alleged that her "termination from her employment was based upon, in whole or in part, [her] pregnancy, and/or [respondents'] failure to accommodate [petitioner's] pregnancy, in violation of West Virginia Code §5-11B[,]" the Pregnant Workers Fairness Act. Despite the suggestion that there is but a singular cause of action set forth in the complaint, and the fact that petitioner did not state that respondents violated West Virginia Code § 5-11-9 of the West Virginia Human Rights Act, petitioner argues that she alternatively pled two claims: that her termination was based upon her pregnancy (a West Virginia Human Rights Act claim) and/or upon respondents' failure to accommodate her pregnancy (a Pregnant Workers Fairness Act claim). Petitioner argues that she was not required to specifically identify the statute upon which her West Virginia Human Rights Act claim is based but that she was required only to set forth enough facts that would put respondents on notice of the claim alleged.

We disagree and find no error. This Court has made clear that "complaints must minimally place a defendant on notice of the claim against it." *Malone v. Potomac Highlands Airport Auth.*, 237 W. Va. 235, 240, 786 S.E.2d 594, 599 (2015). Rule 8(a) "requires a 'short and plain statement of the claim showing that the pleader is entitled to relief[.] . . . [and] requires clarity but not detail.'" *Id.* (quoting *Scott Runyon Pontiac-Buick*, 194 W. Va. at 776, 461 S.E.2d at 522).[4] Furthermore,

> the primary purpose of these provisions is rooted in fair notice. Under Rule 8, a complaint must be intelligibly sufficient for a circuit court or an opposing party to understand whether a valid claim is alleged and, if so, *what it is*.

*Malone*, 237 W. Va. at 240, 786 S.E.2d at 599 (quoting *Scott Runyon Pontiac-Buick*, 194 W.Va. at 776, 461 S.E.2d at 522) (emphasis in original). This Court has cautioned that "'a plaintiff may not "fumble around searching for a meritorious claim within the elastic boundaries of a barebones complaint[.]"'" *Malone*, 237 W. Va. at 240, 786 S.E.2d at 599 (quoting *Scott Runyon Pontiac-Buick*, 194 W. Va. at 776, 461 S.E.2d at 522) (internal citation omitted)).

---

[4] West Virginia Rule of Civil Procedure 8(a) states, in relevant part, as follows:

(a) *Claims for relief.* - A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several types may be demanded.

According to the "FIRST CAUSE OF ACTION" in petitioner's complaint, after petitioner began suffering "medical complications related to her pregnancy" and her doctor placed her on "light duty" (i.e., a reasonable accommodation), respondents terminated her from employment. Petitioner alleged these facts in support of her claim that respondents violated "West Virginia Code 5-11B[,]" the Pregnant Workers Fairness Act. *See* W.Va. Code § 5-11B-2(2) ("It shall be an unlawful employment practice . . . to: Deny employment opportunities to a[n] . . . employee, if such denial is based on the refusal . . . to make reasonable accommodations to the known limitations related to the pregnancy . . . of an employee . . . ."). Petitioner's complaint thus put respondents on fair notice that a Pregnant Workers Fairness Act claim was alleged and "what it is." *Malone*, 237 W. Va. at 240, 786 S.E.2d at 599. When it became clear during discovery that the facts would not support such a claim, petitioner "fumble[d] around" the "elastic boundaries" of the complaint "searching for a meritorious claim." *Id.* Petitioner's clumsy argument that her complaint also alleged, in the alternative, a violation of the West Virginia Human Rights Act is not compelling even under a liberal construction of the language of complaint.[5] Thus, we conclude that the circuit court did not err in granting respondents' motion for summary judgment.[6]

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** November 16, 2018

**CONCURRED IN BY:**

Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice Paul T. Farrell sitting by temporary assignment

**DISSENTING:**

Chief Justice Margaret L. Workman

---

[5] Because we have concluded that the circuit court properly determined that petitioner failed to allege a pregnancy discrimination claim under the West Virginia Human Rights Act, we need not address petitioner's argument that she established a prima facie case of pregnancy discrimination.

[6] For reasons that are unclear from the record, petitioner did not seek to amend her complaint to include a West Virginia Human Rights Act claim.

5

WORKMAN, C. J., dissenting and writing separately:

I dissent to the majority's decision that affirms the order granting respondents' motion for summary judgment based on the erroneous conclusion that in her lawsuit for pregnancy discrimination, petitioner failed to allege a violation of the West Virginia Human Rights Act ("Human Rights Act"). W.Va. Code §§ 5-11-1 to 5-11-20 (2018).

A plain reading of the complaint demonstrates that Petitioner pled two alternative causes of action. Specifically, petitioner alleged that she was placed on light duty by her doctor "due to medical complications related to her pregnancy" and that, thereafter, she was unlawfully terminated. The complaint states that petitioner's "termination from her employment was based upon, in whole or in part, [petitioner's] pregnancy, *and/or* the [respondents'] failure to accommodate the [petitioner's] pregnancy, in violation" of the Pregnant Workers Fairness Act.[7] W.Va. Code § 5-11B-2 (2018). Thus, her failure to accommodate claim alleges a violation of the Pregnant Workers Fairness Act. The complaint further alleges that respondents' actions "were willful and malicious and violated the West Virginia Human Rights Act entitling [petitioner] to attorney fees and costs[.]" And her wrongful termination claim necessarily alleges a violation of the West Virginia Human Rights Act. *See* Syl. Pt. 2, *Frank's Shoe Store v. W. Virginia Human Rights Comm'n*, 179 W. Va. 53, 365 S.E.2d 251 (1986) ("Discrimination based upon pregnancy constitutes illegal sex discrimination under the West Virginia Human Rights Act, W.Va. Code, 5-11-9(a) [1981]."). *See e.g.*, *Delva v. Cont'l Grp., Inc.*, 137 So.3d 371, 375 (Fla. 2014) (explaining that pregnancy discrimination is subsumed within sex discrimination because discrimination based on pregnancy is discrimination as to natural condition unique to only one sex).

Under Rule 8 of the West Virginia Rules of Civil Procedure, a complaint must be intelligibly sufficient for a circuit court or an opposing party to understand whether a valid claim is alleged and, if so, what it is. This simplified notice pleading standard relies on liberal discovery rules, the purpose of which is to give the opponent fair notice of the nature and basis of the claim. *Roth v. DeFeliceCare, Inc.*, 226 W.Va. 214, 220, 700 S.E.2d 183, 189 (2010).

In this case, the complaint clearly put respondents on fair notice that petitioner's claim was that her employment was terminated because of her pregnancy in violation of the West Virginia Human Rights Act. Moreover, petitioner made a prima facie case under the Human Rights Act, as she provided evidence that she was a member of a protected class; that her employer made an adverse decision concerning her; and that, but for petitioner's protected status, the adverse decision would not have been made. Syl. Pt. 2, *Conaway v. E. Associated Coal Corp.*, 178 W.Va. 164, 358 S.E.2d 423 (1986). For it to conclude otherwise, the majority improperly weighed the evidence before it and failed to draw all reasonable inferences in petitioner's favor.

---

[7] Emphasis added.

In *Hanlon v. Chambers*, 195 W.Va. 99, 464 S.E.2d 741 (1995), we cautioned circuit courts to be particularly careful in granting summary judgment in employment discrimination cases:

> To be sure, summary judgment has a special niche in civil litigation. Its role is to pierce the boilerplate of the pleadings and assay the parties' proof in order to determine whether a trial is actually required. The device allows courts and litigants to avoid full blown trials in unwinnable cases, thus conserving the parties' time and money and permitting courts to husband scarce judicial resources. However, although summary judgment is the appropriate device for putting a swift end to meritless litigation, Rule 56(c) of the Rules of Civil Procedure implicitly forbids courts from entering summary judgment where there are material and genuine issues of fact to be resolved.

*Hanlon*, 195 W.Va. at 106, 464 S.E.2d at 748.

Because the record in this case could lead a rational trier of fact to find that respondents discriminated against petitioner due to her pregnancy, in violation of the West Virginia Human Rights Act, summary judgment was inappropriate. I believe that petitioner not only sufficiently pled this claim, but that she submitted enough evidence to have her case tried by a finder of fact—judge or jury. According, I respectfully dissent.