No. 21-0905 — *West Virginia Division of Corrections & Rehabilitation v. Damein Robbins*

and

No. 21-0906 — *Isaiah Blancarte & Bryon Whetzel v. Damein Robbins*

**FILED**

**June 9, 2023**

**released at 3:00 p.m.**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

BUNN, JUSTICE, concurring in part and dissenting in part:

I agree with the majority's determinations as to the Division of Correction's appeal and their conclusion that the circuit court correctly denied Officer Whetzel's motion to dismiss. I dissent and write separately because I believe Mr. Robbins failed to plead a claim against Officer Blancarte sufficient to overcome qualified immunity.

Mr. Robbins asserted a 42 U.S.C. § 1983 claim alleging, in relevant part, that Officer Blancarte violated the Eighth Amendment prohibition of cruel and unusual punishment by failing to protect him from violence committed by other inmates. In response to Mr. Robbins's claim, Officer Blancarte filed a West Virginia Civil Procedure Rule 12(b)(6) motion to dismiss based in relevant part on his entitlement to qualified immunity. The circuit court denied Officer Blancarte's motion and the majority affirms this ruling. I would have reversed and granted dismissal to Officer Blancarte.

Federal substantive law controls the analysis of Officer Blancarte's entitlement to qualified immunity "because the claims to which qualified immunity are

1

being asserted arise under federal law." *Ballard v. Delgado*, 241 W. Va. 495, 504, 826 S.E.2d 620, 629 (2019).

> In *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982), the Supreme Court of the United States addressed qualified immunity, holding that "government officials performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Id.* [at] 818, 102 S. Ct. [at 2738, 73 L. Ed. 2d 396].

*Ballard*, 241 W. Va. at 504, 826 S.E.2d at 629. As the majority correctly observes, a government official's entitlement to qualified immunity depends on the answer to two questions: (1) when viewed in the light most favorable to Mr. Robbins, do the facts alleged show that Officer Blancarte's conduct violated a constitutional right; and (2) is the constitutional right asserted clearly established? *See Id.* (citing *Saucier v. Katz*, 533 U.S. 194, 201, 121 S. Ct. 2151, 2156, 150 L Ed. 2d 272 (2001)). The parties do not dispute that the Eighth Amendment prohibition of cruel and unusual punishment is clearly established. Accordingly, my analysis focuses on whether Mr. Robbins sufficiently alleged in his complaint that Officer Blancarte violated that right.

The purpose of a Rule 12(b)(6) motion "is to test the sufficiency of the complaint." *Cantley v. Lincoln Cnty. Comm'n*, 221 W. Va. 468, 470, 655 S.E.2d 490, 492 (2007) (per curiam). "'For purposes of the motion to dismiss, the complaint is construed in the light most favorable to plaintiff . . ., and its allegations are to be taken as true.'" *W. Va. Bd. of Educ. v. Marple*, 236 W. Va. 654, 660, 783 S.E.2d 75, 81 (2015) (quoting *John W.*

2

*Lodge Distrib. Co., Inc. v. Texaco, Inc.*, 161 W. Va. 603, 605, 245 S.E.2d 157, 158 (1978)). The trial court should grant dismissal only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim [that] would entitle him to relief." Syl. pt. 3, in part, *Chapman v. Kane Transfer Co., Inc.*, 160 W. Va. 530, 236 S.E.2d 207 (1977) (citation omitted).

However, "a plaintiff may not 'fumble around searching for a meritorious claim within the elastic boundaries of a barebones complaint[.]'" *Boone v. Activate Healthcare, LLC*, 245 W. Va. 476, 481, 859 S.E.2d 419, 424 (2021) (quoting *Chaveriat v. Williams Pipe Line Co.*, 11 F.3d 1420, 1430 (7th Cir. 1993) (additional quotations and citation omitted)). Instead, "a complaint must be intelligibly sufficient for a circuit court or an opposing party to understand whether a valid claim is alleged and, if so, what it is." *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W. Va. 770, 776, 461 S.E.2d 516, 522 (1995). Even though a "plaintiff's burden in resisting a motion to dismiss is a relatively light one," to overcome the motion a plaintiff must "at a minimum . . . set forth sufficient information to outline the elements of [the] claim," and if the complaint "fails to do so, dismissal is proper." *Price v. Halstead*, 177 W. Va. 592, 594, 355 S.E.2d 380, 383 (1987). Thus, "[g]eneral allegations . . . are insufficient," and a complaint must assert more than "mere sketchy generalizations of a conclusive nature unsupported by operative facts." *Newton v. Morgantown Mach. & Hydraulics of W. Va., Inc.*, 242 W. Va. 650, 654, 838 S.E.2d 734, 738 (2019) (quotations and citation omitted). *See also Par Mar v. City of Parkersburg*, 183 W. Va. 706, 710, 398 S.E.2d 532, 536 (1990) (acknowledging that

3

"sketchy generalizations of a conclusive nature unsupported by operative facts do not set forth a cause of action").

Furthermore, it is well established that cases involving qualified immunity require a heightened pleading standard. *See Hutchison v. City of Huntington*, 198 W. Va. 139, 149, 479 S.E.2d 649, 659 (1996) ("[I]n civil actions where immunities are implicated, the trial court must insist on heightened pleading by the plaintiff."); *Marple*, 236 W. Va. at 660, 783 S.E.2d at 81 (same).

> The uniqueness of qualified immunity and its provision of total immunity from suit rather than just a defense is an important reason for . . . heightened pleading. . . . ["]That is, plaintiffs 'should supply in their complaints or other supporting materials greater factual specificity and particularity than is usually required.' [*Elwood v. Rice Cty*., 423 N.W.2d 671, 676 (Minn. 1988)]."

*W. Va. Reg'l Jail & Corr. Facility Auth. v. Est. of Grove*, 244 W. Va. 273, 282, 852 S.E.2d 773, 782 (2020) (quoting *Xiao v. Rodriguez*, No. A18-0646, 2019 WL 1983488, at *8 (Minn. Ct. App. May 6, 2019)).

To properly plead that Officer Blancarte violated the Eighth Amendment's prohibition of cruel and unusual punishment founded on a failure to protect, Mr. Robbins had to allege facts supporting two required elements of his claim: (1) that the conditions of his incarceration posed an objectively substantial risk of serious harm; and (2) that Officer Blancarte acted with deliberate indifference to Mr. Robbins's health or safety, which is a subjective component of his claim. As the United States Supreme Court explained,

4

[i]t is not . . . every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety. Our cases have held that a prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, "sufficiently serious[.]" . . . For a claim (like the one here) based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm . . . .

The second requirement follows from the principle that "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment." . . . To violate the Cruel and Unusual Punishments Clause, a prison official must have a "sufficiently culpable state of mind." . . . In prison-conditions cases that state of mind is one of "deliberate indifference" to inmate health or safety[.]

*Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 1977, 128 L. Ed. 2d 811 (1994)

(citations omitted).

Mr. Robbins's complaint failed to allege any facts against Officer Blancarte to support his Eighth Amendment claim. While the complaint included factual allegations as to how Officer Whetzel allowed other inmates to have access to Mr. Robbins and that Officer Whetzel observed the incident and failed to intervene,[1] no such facts were alleged

---

[1] The complaint alleged that

19.     Upon information and belief, the three inmates entered the lock down cell after an unknown corrections officer, Bryon Whetzel, acting as the Tower Officer *unlocked the cell door and permitted them entry* . . . .

. . . .

5

against Officer Blancarte. The only factual allegations against Officer Blancarte in the complaint are:

> 8.  At all relevant times, Defendant Isaiah Blancarte was a corrections officer at Potomac Highlands Regional Jail.
>
> . . . .
>
> 30.  During the assault of Plaintiff, Defendant Blancarte was functioning as the rover in pod A-6. Defendant Blancarte and Defendant Whetzel permitted inmates to roam around A-6 pod together and allowed entry of other inmates into Plaintiff's cell

Other allegations pertaining to Officer Blancarte merely state unsupported conclusions.[2]

As the majority observes, "deliberate indifference entails something more than mere negligence, . . . [but] is satisfied by something less than acts or omissions for the

---

> 27.  During the assault, Plaintiff was paraded around the pod to other cells for the purpose of humiliating him and to "show off" what was done to him. *Defendant Bryon Whetzel observed these actions yet did nothing to intervene*.

(Emphasis added).

[2] For example, Mr. Robbins alleges that Officers Whetzel and Blancarte "displayed a deliberate indifference to the safety and security of Plaintiff when they permitted other inmates to enter Plaintiff's lockdown cell"; "displayed deliberate indifference to the Plaintiff's constitutional right to be free from cruel and unusual punishment when they ignored the physical and sexual assault at the hands of the other inmates"; and "were aware of the substantial risk of harm to Plaintiff when they permitted the three other inmates to enter Plaintiff's lockdown cell when he was known to be incarcerated as a result of a sexual offense criminal conviction." There are no facts alleged in the complaint to support these conclusory statements.

very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835, 114 S. Ct. at 1978, 128 L. Ed. 2d 811. Pursuant to *Farmer*,

> a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id.* at 837, 114 S. Ct. at 1979, 128 L. Ed. 2d 811. Mr. Robbins failed to allege sufficiently detailed information to support these elements or permit inferences that they existed with respect to his Eighth Amendment claims against Officer Blancarte. *See Fass v. Nowsco Well Serv., Ltd.*, 177 W. Va. 50, 52, 350 S.E.2d 562, 563 (1986) (per curiam) ("The complaint must set forth enough information to outline the elements of a claim or permit inferences to be drawn that these elements exist."). Nothing in Mr. Robbins's amended complaint indicates that Officer Blancarte was "aware of facts" from which he could infer "that a substantial risk of serious harm" to Mr. Robbins existed, or that Officer Blancarte actually drew such an inference. *Farmer*, 511 U.S. at 837, 114 S. Ct. at 1979, 128 L. Ed. 2d 811. Mr. Robbins did not allege that Officer Blancarte knew why Mr. Robbins was in felony pod A-6, a segregated housing unit, or that Mr. Robbins was promised his cell would remain locked. Mr. Robbins did not allege that Officer Blancarte was ever actually present in pod A-6 at any time during the assault, which, according to Mr. Robbins's counsel, occurred over a period of about four-and-one-half hours.[3] Finally, Mr. Robbins did not

---

[3] In denying Officer Blancarte's motion to dismiss, the circuit court incorrectly stated that "Plaintiff alleges that . . . [i]n his role as a rover, Defendant Blancarte

allege that Officer Blancarte had knowledge of the assault yet failed to intervene. Because Mr. Robbins failed to adequately plead his Eighth Amendment claim against Officer Blancarte, I would have reversed the circuit court and remanded with instructions to dismiss Mr. Robbins's claim against Officer Blancarte.[4]

---

was present within the lock down pod on numerous occasions throughout the time of the assault." Mr. Robbins made no such allegation in his amended complaint.

[4] I am aware that

> [a] plaintiff is not required to anticipate the defense of immunity in his complaint, *Gomez v. Toledo*, 446 U.S. 635, 640, 100 S. Ct. 1920, 1923-24, 64 L. Ed. 2d 572 (1980), and, under the West Virginia Rules of Civil Procedure, the plaintiff is required to file a reply to a defendant's answer only if the circuit court exercises its authority under Rule 7(a) to order one. We believe, in cases of qualified or statutory immunity, court ordered replies and motions for a more definite statement under Rule 12(e) can speed the judicial process. Therefore, the trial court should first demand that a plaintiff file "a short and plain statement of his complaint, a [statement] that rests on more than conclusion[s] alone." *Schultea v. Wood*, 47 F.3d [1427,] 1433 [(5th Cir. 1995)]. Next, the court may, on its own discretion, insist that the plaintiff file a reply tailored to an answer pleading the defense of statutory or qualified immunity.

*Hutchison v. City of Huntington*, 198 W. Va. 139, 150, 479 S.E.2d 649, 660 (1996). In this case, Mr. Robbins does not complain that he was deprived of an opportunity to address Mr. Blancarte's immunity claim. *See, e.g.*, *C.C. v. Harrison Cnty. Bd. of Educ.*, 245 W. Va. 594, 614 n.1, 859 S.E.2d 762, 782 n.1 (2021) (Armstead, J., concurring) ("[T]he record before us does not reflect that Petitioners allege specific error on the part of the circuit court for any alleged failure to provide them the opportunity to amend their pleadings to address the [defendant's] assertion in its Motion to Dismiss that it was immune from Petitioners' claims pursuant to [the] Tort Claims Act.").