422 S.E.2d 519

**GROUND BREAKERS, INC., Plaintiffs Below, Appellant,**

v.

**CITY OF BUCKHANNON, a Municipal Corporation, Defendant Below, Appellee.**

**No. 20998.**

Supreme Court of Appeals of West Virginia.

Submitted Sept. 9, 1992.

Decided Oct. 9, 1992.

---

Gary S. Wigal, Morgantown, for appellant.

David W. McCauley, Coleman & Wallace, Buckhannon, for appellee.

PER CURIAM:

In 1989, Ground Breakers, Inc., signed a construction contract with the City of Buckhannon under which Ground Breakers would replace sewer lines in the City. As part of its contractual obligation, Ground Breakers was to repave the affected streets following completion of the sewer replacement project.

During excavation of a portion of a street, the ground under the street shifted, resulting in cracks in the pavement as the work proceeded. Ground Breakers ceased work on the project and notified the City of the problems it had encountered. The City instructed Ground Breakers to proceed with the work.

As the work progressed, it became apparent that the original "Type F" paving specified in the contract would be inadequate to repair the unanticipated damage to the street. Therefore, the City instructed Ground Breakers to use either "Type C" or "Type X" paving to repair the street. "Type C" paving had been bid as a line item in Ground Breakers' original bid, at $50.00 per linear foot. The "Type F" paving cost in the bid was $20.00 per linear foot. The necessary "Type C" paving resulted in a cost overrun on the project of approximately $72,000.

The City has refused to pay this overrun. As a result, Ground Breakers brought suit against the City in the Circuit Court of Upshur County. Ground Breakers claims that the instruction by the City to repair the street using "Type C" paving constituted an oral modification of the contract, and, thus, the City is obligated to pay Ground Breakers for this additional expense.

The City filed a motion to dismiss, in which it argued that the case filed against

them by Ground Breakers should be dismissed under Rule 12(b)(6) or Rule 56 of the West Virginia Rules of Civil Procedure. The City claims that the contract itself contained a procedure for a change order, which was the only way that the City could be obligated for more money. It asserts that because no change order was issued in this case, it is not liable for the additional $72,000. The circuit court found that the written contract was controlling and that because there was no change order, Ground Breakers had not complied with the requirements of the contract and was not entitled to the additional money. The Court concluded that it must, as a matter of law, dismiss the case.[1] We disagree.

■ There are facts that indicate there was unanticipated damage during the contract work which necessitated added repair work. This was known and discussed by both parties, with Ground Breakers' position being that they were orally authorized to do the additional work. These circumstances bring into play the law set out in Syllabus Point 1 of *Pasquale v. Ohio Power Co.*, 186 W.Va. 501, 413 S.E.2d 156 (1991):

"Ordinarily, where a construction contract contains language to the effect that its terms cannot be changed without the written consent of the parties thereto, then such written consent is required unless this condition is waived by the parties by their conduct or through circumstances that justify avoiding the requirement."[2]

*See also W.L. Thaxton Constr. Co. v. O.K. Constr. Co., Inc.*, 170 W.Va. 657, 295 S.E.2d 822 (1982); *Wilkinson v. Searls*, 155 W.Va. 475, 184 S.E.2d 735 (1971).

Rule 56(c) states that a motion for summary judgment is to be granted if it is clear "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

■ We explained the proof necessary for the granting of summary judgment in Syllabus Point 6 of *Aetna Casualty & Sur. Co. v. Federal Ins. Co. of New York*, 148 W.Va. 160, 133 S.E.2d 770 (1963):

"A party who moves for summary judgment has the burden of showing that there is no genuine issue of fact and any doubt as to the existence of such issue is resolved against the movant for such judgment."

■ The above standard has not been met in this case. There is a dispute regarding the existence of an oral modification of the contract. The form that this alleged modification took, as well as its effect upon the original written contract, is also disputed. We cannot find that the City is clearly entitled to a judgment as a matter of law. The granting of summary judgment was, therefore, error.

The order of the Circuit Court of Upshur County is, therefore, reversed, and this case is remanded for trial on the merits.

Reversed and Remanded.

---

1. Both parties claim that it is unclear whether this dismissal was granted under Rule 12(b)(6) or Rule 56. We will treat it as a grant of summary judgment even though there was only limited discovery. This does not foreclose further discovery.

2. In its brief, the City contends that a municipal corporation cannot be held liable for additional contract work even though it authorized the same. This argument was not made below, but we find it without merit. *See generally* 65 Am. Jur.2d *Public Works & Contracts* §§ 176–196 (1972).